

Steven M. Lester
Robert J. La Reddola

Thomas A. Catinella
(Admission Pending)

600 Old Country Road, Suite 230, Garden City, NY 11530
Tel: 516-357-0056  Fax: 516-357-0069
www.llalawfirm.com
sml@llalawfirm.com

September 29, 2021

**BY ECF**

> Defendant shall file a response to Plaintiffs' letter-motion no later than **October 5, 2021**.
>
> SO ORDERED.
>
> *[signature]*
>
> September 30, 2021

Hon. Jesse M. Furman, U.S.D.J.
United States District Court
Southern District of New York
400 Pearl Street
New York, New York 10007

Re:   *American Infertility of New York, P.C., et ano. v. CNY Fertility, PLLC*,
      Case No. 1:21-cv-05566 (S.D.N.Y.)

Dear Judge Furman:

We represent Plaintiffs in the above patent infringement action. We request Your Honor reschedule the initial pretrial conference which had been adjourned *sine die* because Defendant made a motion to dismiss Plaintiff's complaint. The Court should reschedule the initial pretrial conference because Defendant's motion to dismiss, even if successful, would not eliminate all of Plaintiffs' claims against Defendant.

Shortly after commencement of this action in late June 2021, Your Honor scheduled the initial pretrial conference for October 6, 2021 [Doc. 8]. On August 30, Defendant filed its motion to dismiss in response to Plaintiffs' complaint. Next, Your Honor issued a scheduling order for Defendant's motion to dismiss and adjourned the October 6 initial pretrial conference *sine die* [Doc. 14]. Defendant submitted its reply memo of law in further support of its motion to dismiss on Monday, September 27, and the motion is now *sub judice*. A quick review of the parties' motion papers demonstrates that even if successful, Defendant's motion to dismiss would not result in dismissal of the entire case.

Defendant raises three arguments in its motion to dismiss [Doc. 13, Table of Contents]. The first argument addresses a technical pleading issue concerning only one of the two patents in suit. If Defendant's first argument is successful, the claims based upon the other patent in suit will proceed. The second argument addresses Plaintiffs' claim against Defendant for direct infringement, but does not seek dismissal of Plaintiffs' claims for induced infringement or contributory infringement. If Defendant's second argument is successful, Plaintiffs' claims against Defendant for induced infringement or contributory infringement will proceed.

Defendant's third argument at best raises an issue of fact that cannot be resolved on a motion to dismiss. Defendant's third argument claims Defendant's activities are exempt from



Hon. Jesse M. Furman, U.S.D.J.
September 29, 2021
Page 2

patent infringement liability under the "medical practitioner exception" set forth in 35 U.S.C. § 287(c)(1). Plaintiffs respond that Defendant's argument ignores that the definition of "medical activity" under the statute expressly excludes (*i.e.*, an exception to the exemption from patent infringement liability) "the practice of a patented use of a composition of matter in violation of such patent." 35 U.S.C. § 287(c)(2)(A). The claims of the patents in suit are method claims for a novel patented use of a composition of matter, which is an androgen such as dehydroepiandrosterone (DHEA). The patents in suit are directed to methods for improving fertility by increasing pregnancy rates, decreasing time to pregnancy, decreasing aneuploidy (cell death) rates, and decreasing miscarriage rates by the administration of an androgen such as DHEA for a period of time. In reply, Defendant argues the "patented use of a composition of matter" does not include (*i.e.*, an exception to the exception to the exemption from patent infringement liability) "a method of performing a medical procedure on a body that recites the use of a composition of matter *where the use of the composition of matter does not directly contribute to achievement of the objective of the claimed method*." 35 U.S.C. § 287(c)(2)(F) (emphasis added). Based upon this statutory language, Defendant argues the composition of matter involved in this case, an androgen such as DHEA, does not directly contribute to the achievement of the objective of the claimed method, which is improving fertility by increasing pregnancy rates, decreasing time to pregnancy, decreasing aneuploidy rates, and decreasing miscarriage rates. However, whether DHEA directly contributes to the claimed method's objective of improving fertility is a question of fact that can not be resolved on a motion to dismiss.[1]

Since none of Defendant's arguments would eliminate all of Plaintiffs' claims, Plaintiffs respectfully request the Court schedule the initial pretrial conference so as not to delay this action while Defendant's motion is *sub judice*.

Respectfully submitted,

Steven M. Lester

cc:     All Counsel (by ECF)

---

[1] At its core, Defendant's third argument asks this Court to reject outright or at least rewrite Plaintiffs' patent claims.