UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                             :

AMERICAN INFERTILITY OF NEW YORK, P.C., et   :
al.,                                    :

                            :       21-CV-5566 (JMF)
             Plaintiffs,       :

                            :       MEMORANDUM
        -v-                   :   OPINION AND ORDER

                            :

CNY FERTILITY, PLLC,              :

                            :

             Defendant.      :

-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      In its motion to dismiss filed on August 30, 2021, Defendant CNY Fertility, PLLC, ("CNY") makes three arguments. *See* ECF Nos. 12-13. Upon review of the parties' papers, the Court rejects CNY's third argument, to wit, that the Complaint's allegations fall within the "medical practitioner" exemption of 35 U.S.C. § 287(c)(1). That argument appears to turn on whether 35 U.S.C. § 287(c)(2)(F) — which could be described as an exception to an exception to the exemption — applies. But Defendant failed to address that issue until its reply brief. *See* ECF No. 16, at 7-10. As a result, the issue — which appears to be one of first impression — is not adequately briefed by the parties. That would be reason enough to deny Defendant's motion to the extent that it is based on the argument that the Complaint's allegations fall within the "medical practitioner" exemption. *See, e.g.*, *Conn. Bar Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010) ("Issues raised for the first time in a reply brief are generally deemed waived."); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently

argued in the briefs are considered waived and normally will not be addressed . . . .").[1]  In

addition, however, the Court agrees with Plaintiffs that the applicability of the "medical

practitioner" exemption likely turns on issues of fact that cannot be resolved at this stage.  *See*

ECF No. 17, at 2.[2]  Accordingly, Defendant's motion to dismiss is DENIED to the extent that it

is based on the argument that the "medical practitioner" exemption applies.  The Court reserves

judgment on Defendant's other two arguments, which seek only partial dismissal.  *See* ECF No.

13, at 7-11.

In light of the foregoing, Plaintiffs' letter-motion seeking reinstatement of the Initial

Pretrial Conference is GRANTED, and the Initial Pretrial Conference is RESCHEDULED for

**October 27, 2021**, at **2:15 p.m.**  In light of the COVID-19 situation, the Court will not hold the

conference in person.  Instead, Counsel should submit their proposed case management plan and

joint letter by **the Thursday prior to the conference**, as directed in the Court's June 28, 2021

Order.  *See* ECF No. 8.  In their joint letter, the parties should also indicate whether they can do

without a conference altogether.  If so, the Court may enter a case management plan and

scheduling order and the parties need not appear.  If not, the Court will hold the initial

conference by telephone, albeit perhaps at a different time.  To that end, counsel should indicate

in their joint letter dates and times during the week of the conference that they would be

---

[1]      It is no answer to say that Defendant's reply is responding to an argument made in
Plaintiffs' opposition — namely, that 35 U.S.C. § 287(c)(2)(A), an exception to the exemption,
applies.  Defendant could have, and should have, anticipated that argument in its opening brief.
Notably, in its opening brief, Defendant does argue that "[t]he allegedly infringing activities do
not fall under *any* of the exceptions to 35 U.S.C. § 287(c)(1)."  ECF No. 13, at 13 (emphasis
added).  Conspicuously, however, Defendant then discusses only 35 U.S.C. § 287(c)(3).

[2]      The Court is unpersuaded by Defendant's contention that Plaintiffs' letter-motion of
September 29, 2021, is an improper sur-reply.  *See* ECF No. 20.  Plaintiffs' letter-motion merely
seeks reinstatement of the initial pretrial conference — the proper subject of a letter-motion.  In
any event, Plaintiffs would have been on firm ground seeking leave to file a sur-reply since
Defendant waited until its reply to address the dispositive issue.  *See supra* note 1.

available for a telephone conference.  In either case, counsel should review and comply with the

procedures for telephone conferences set forth in the Court's Individual Rules and Practices for

Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman.

      SO ORDERED.

Dated:  October 12, 2021
      New York, New York

_____
JESSE M. FURMAN
United States District Judge