UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| AMERICAN INFERTILITY OF NEW YORK, P.C., d/b/a The Center for Human Reproduction, and FERTILITY NUTRACEUTICALS, LLC,<br><br>         Plaintiffs,<br>  v.<br><br>CNY FERTILITY, PLLC, d/b/a CNY Fertility Center,<br><br>         Defendant. | Case No.:1:21-cv-05566 (JMF)<br><br>**STIPULATION AND ORDER OF HIPAA QUALIFIED PROTECTIVE ORDER** |

------------------------------------------------------------------------X

   Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Health Insurance Portability and Accountability Act of 1996 (HIPAA), as amended by the Health Information Technology for Economic and Clinical Health Act (HITECH Act), including all applicable regulations issued by the Secretary of the United States Department of Health and Human Services, including specifically 45 C.F.R. § 164.512(e)(1), the undersigned parties agree to and the court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

   1. The parties and attorneys to the above-captioned matter (the "Action") are hereby authorized to receive, subpoena, and transmit protected health information pertaining to patients of either party to the extent and subject to the conditions set forth herein.

   2. For the purposes of this qualified protective order, "protected health information" (hereinafter "PHI") shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501, including, without limitation, information relating to: the past, present, or future physical health, mental health, condition, or medical treatment of an individual which identifies or reasonably could be expected to identify the individual. It also includes, but is not limited to, medical bills, claims forms, charges sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanation of benefits, checks, notices, and requests, and includes all notes, summaries, compilations, extracts, abstracts or oral communications that are based on or derived from PHI, regardless of form or format.

   3. All "covered entities," as defined in 45 C.F.R. § 160.103, are authorized to disclose PHI pertaining to patients of either party to all attorneys in this Action, provided however that any PHI may be redacted by the producing party, including names, social security numbers, and other PHI pertaining to a particular patient.

4. The parties shall affix a "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation to any PHI discovery material produced in this Action pursuant to the Stipulation and Order of Confidentiality separately ordered in this Action.

5. Subject to the redactions outlined in Paragraph 3, the parties and their attorneys shall be permitted to use the PHI in any manner reasonably connected with the Action, including, but not limited to, disclosure to the parties and their attorneys, insurers, claims managers, experts, and consultants, the court, necessary court personnel, court reporters, copy services, trial consultants, jurors, any appellate court, and other persons and entities involved in the litigation process.

6. All PHI produced or disclosed in the Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action, and shall not be used for any other purpose.

7. Any person or entity in possession of PHI shall maintain the information in a reasonably secure manner, and shall not reveal to or discuss such information with any person not entitled to receive it, so that the PHI is not further disclosed or used in any manner inconsistent with this Order.

8. Within thirty (30) days after the conclusion of this action, the parties, their attorneys, and any other persons or entities that came into possession of the PHI through this Action shall return the PHI to the covered entity that provided it, or destroy the PHI, except for health information that was submitted to the court. Any party receiving PHI must submit a written certification to the other party's counsel of record within forty (40) days after the Action concludes that (a) states that all PHI was returned or destroyed and (b) affirms that the recipient has not retained any copies.

9. Nothing in this Order authorizes counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, patient authorizations, or other lawful processes.

10. This Order does not control or limit the use of PHI pertaining to patients of either party that comes into possession of any party, or any party's attorney, from a source other than a covered entity as defined in 45 C.F.R. § 160.103.

[SIGNATURE PAGE FOLLOWS]

SO AGREED:

Consented to and approved for entry by:

La REDDOLA, LESTER & ASSOCIATES, LLP
Attorneys for Plaintiffs

Dated: February 17, 2022   By: /s/ *Steven M. Lester*
Steven M. Lester (SL2921)
600 Old Country Road, Suite 230
Garden City New York 11530
(516) 357-0056

BOND, SCHOENECK & KING, PLLC
Attorneys for Defendant

Dated: February 17, 2022   By: /s/ *Jeremy P. Oczek*
Jeremy P. Oczek (JO1975)
200 Delaware Avenue
Buffalo, New York 14202
Telephone: (716) 416-7037
Email: jpoczek@bsk.com

**SO ORDERED** ON THE ___22nd___ day of ___February___, 2022

_____
Hon. Jesse M. Furman, U.S.D.J.

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).